## Overseers of the Poor of the Borough of Bellefonte, Appellant, *v.* Somerset County Poor District.

*Poor laws—Order of removal—Settlement.*

Under the act of June 13, 1836, clause V. sec. 9, P. L. 543, an order of removal of an "unmarried person, not having a child," will be quashed, where it appears that although the pauper had acquired a settlement in the district mentioned in the order, he had subsequently acquired a settlement, by being bound and hired as a servant during one whole year, in another district.

Under the act of June 13, 1836, clause V. sec. 9, P. L. 543, describing the manner in which "any unmarried person, not having a child," may gain a settlement in any district, both residence and service in the same poor district is not necessary to acquire a settlement.

From February, 1888, until September, 1889, M. was hired by the Bellefonte Furnace Company, and during that period continued in the service of that company in Spring township; during which time he boarded and

lodged with his mother in the borough of Bellefonte, and paid her for his boarding and lodging. *Held,* that he gained a settlement in Spring township.

Argued April 24, 1895. Appeal, No. 73, Jan. T., 1895, by plaintiff, from decree of Q. S. Centre Co., April T., 1892, No. 28, quashing order of removal. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Appeal from order of removal.

The overseers of the poor of the borough of Bellefonte, by virtue of an order of removal, removed one James McFadden, a pauper, from the borough of Bellefonte to the Somerset county poor district. From this order Somerset county appealed. The only question was the last legal settlement of James McFadden. The evidence tended to show that McFadden had acquired such settlement in Somerset county in 1885; also that his mother was a resident of the borough of Bellefonte from the month of February, 1888, until the month of September, 1890; that she kept a boarding house in said borough, that the said James boarded and lodged with her, paying his board as a stranger; that he was employed by the Bellefonte Furnace Company as a servant about the beginning of February, 1888, and he continued in the service of the company under the same contract of hiring from February, 1888, until September, 1890. The service was performed in Spring township. The court below found that his settlement was in the borough of Bellefonte and quashed the order of removal to Somerset county. From this judgment and decree the overseers of the poor of Bellefonte appealed.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was quashing order of removal.

*Wilbur F. Reeder,* for appellant.—If a settlement were gained in Centre county, it could under no aspect of the case have been in Bellefonte : Act of June 13, 1836, sec. 9, clause 5, P. L. 543 ; Brier Creek Twp. v. Mt. Pleasant Twp., 8 Watts, 432 ; Heidleberg v. Lynn, 5 Whart. 433.

*James A. Beaver,* for appellee.—James McFadden acquired

a legal settlement after he left Somerset county. A pauper cannot be removed except to his last place of legal settlement: Jourdan v. Mt. Pleasant, 10 Pitts. L. J. 115.

OPINION BY MR. CHIEF JUSTICE STERRETT, May 20, 1895:

This contention involves the construction of clause V. of section 9 of the poor law of June 13, 1836, prescribing the manner in which " any unmarried person, not having a child," may gain a settlement in any district, viz : that he or she " shall be lawfully bound or hired as a servant, within such district, and shall continue in such service during one whole year : " Brightly's Purdon, 1705, pl. 50.

The 16th section of same act provides that, " On complaint made by the overseers of any district to one of the magistrates of the same county, it shall be lawful for said magistrate, with any other magistrate of the county, where any person has or is likely to become chargeable to such district into which he shall come, by their warrant or order, directed to such overseers, to remove such person, at the expense of the district, to the city, district or place where he was last legally settled, whether in or out of Pennsylvania," etc.: Purd. 1706, pl. 58. Pursuant to these provisions, the overseers of Bellefonte borough,—alleging that James McFadden, the poor person in question, was last legally settled in Somerset county poor district,—on April 16, 1892, obtained an order to remove him to that district; and nine days thereafter the overseers of Somerset, by leave of the court below, appealed from said order of removal.

At the hearing, it was conclusively shown and virtually conceded that McFadden, " an unmarried person, not having a child," had acquired a legal settlement in Somerset county by having served therein, from the spring of 1884 to the fall of 1885, in pursuance of a hiring with Messrs. Collins & Shoemaker ;· but, it was contended by the overseers of said district that he subsequently gained a settlement in another poor district by hiring as a servant therein and continuing " in such service during one whole year," as required by clause V. above quoted. They thus assumed the burden of proof and introduced testimony from which the court was fully warranted in finding facts establishing a subsequent legal settlement in another poor district, and consequently the order of removal was rightly

quashed. As bearing on the fact of a subsequently acquired settlement the court found substantially the following facts : that, from February, 1888 until September, 1889, McFadden was hired by the Bellefonte Furnace Company, owner of a large furnace in Spring township, Centre county, adjoining the borough of Bellefonte ; and, during that period, continued in the service of said company, in said township, under the same contract of hiring; that while said service was thus being performed in Spring township, McFadden boarded and lodged with his mother in the borough of Bellefonte, paying his boarding to her as he would have done to a stranger. These findings of fact were fully warranted by the testimony, and not being excepted to, must be accepted as conclusively established. We thus have a contract of hiring, for service in Spring township, by an " unmarried person not having a child," and his continuance " in such service during one whole year," thus fulfilling, in both letter and spirit, every requirement of the clause above quoted.

There is no merit in the suggestion that there must be both residence and service in the same poor district. While in other clauses of the 9th section of the act residence in the district is made a condition of gaining a legal settlement therein, clause V., under consideration, contains—as we have seen—no such requirement. The construction suggested would require us to read into the clause something that is neither there nor ever intended to be there.

While, upon the established facts of the case, the learned judge was mistaken in locating McFadden's subsequently acquired settlement in Bellefonte, instead of in Spring township, he was nevertheless clearly right in his general conclusion that the order of removal should be quashed on the sole ground that Somerset poor district was not his last place of legal settlement. The sole controlling fact was that he had gained a legal settlement in another poor district after he left Somerset county. That definitely determined the only issue between the two parties then and now in court. To that issue, the overseers of Spring township were not parties, and of course cannot be affected by the decree therein.

Decree affirmed and appeal dismissed with costs to be paid by appellants.